# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| ASHWOOD GAP PARTNERS, LLC and ASHWOOD GAP, LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>WESCO INSURANCE COMPANY; INTERSTATE FIRE & CASUALTY COMPANY; LIBERTY MUTUAL INSURANCE EUROPE SE; FIDELIS UNDERWRITING LIMITED and VOLANTE SPECIALTY RISK, LLC,<br><br>  Defendants. | CASE NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and 9 U.S.C. §§ 203 and 205, Defendants Wesco Insurance Company ("Wesco"), Interstate Fire & Casualty Company ("Interstate Fire"), Liberty Mutual Insurance Europe SE ("Liberty"), Fidelis Underwriting Limited ("Fidelis"), and Volante Specialty Risk, LLC ("Volante", collectively, "Defendants") submit this Notice of Removal from the Superior Court of Forsyth County, Georgia to the United States District Court for the Northern District of Georgia, Gainesville Division. As grounds for removal, Defendants state as follows:

I.  **BACKGROUND**

1. On September 19, 2025, Plaintiffs Ashwood Gap Partners, LLC and Ashwood Gap, LLC (together, "Plaintiffs") filed their Summons and Complaint in the Superior Court of Forsyth County, Georgia, styled *Ashwood Gap Partners, LLC, et al., v. Wesco Insurance Co., et al.*, Case No. 25CV-1688-1.

2. The Complaint alleges that Defendants are liable for damages due to the alleged breach of a 170(h) Liability Insurance Policy issued to Ashwood Gap Partners, LLC, No. VFP/FL/13849/2020/1 (the "Policy"). The Complaint, among other things, asserts claims against the Defendants for breach of contract and insurance bad faith, and for a declaratory judgment regarding Plaintiffs' rights under the Policy. *See generally* Compl.

3. Section XII of the Policy contains an Arbitration Clause, providing, in pertinent part:

> In the event of a dispute in connection with this Policy, the insurers and the Named Insured shall, in the first instance, try to resolve such dispute through mediation. …. If the Mediation does not resolve the dispute within 60 days of the first mediation session or when the mediator declares an impasse, **the parties agree that the dispute shall be resolved by final and binding arbitration in accordance with the Commercial Rules of the American Arbitration Association** before a single Arbitrator, unless the amount of coverage in dispute exceeds five million dollars, in which case the parties may choose to have the arbitration before a panel of three arbitrators chosen pursuant to the rules of the AAA. The arbitration panel will all be neutral. The arbitration will be held within 100 miles of where the insured resides or at an agreed upon location in the United States. The arbitrator(s) may award the prevailing party costs and/or attorneys' fees for the

2

>Arbitration. Any State's law invalidating this paragraph shall not affect the validity of the first paragraph herein. The parties understand that arbitration is final and binding and that they are waiving their rights to other resolution processes (such as court action or administrative proceeding).

Compl. Ex. C, pp. 5-6 of 8 (emphasis added).

4. Pursuant to the Policy's Arbitration Clause, Plaintiffs' disputes in connection with the Policy must be submitted to binding arbitration. Accordingly, both at the time the suit was instituted and at the time of removal, this dispute was and is subject to mandatory arbitration. This Notice of Removal is filed without waiver of the Policy's Arbitration Clause.

## II.   JURISDICTIONAL BASES FOR REMOVAL

### A.   Convention on the Recognition and Enforcement of Foreign Arbitral Awards

5. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction allows a defendant to remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

6. The Policy's Arbitration Clause gives rise to federal question jurisdiction. The arbitration mandated by the Policy falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"),

and its implementing legislation, 9 U.S.C. §§ 201-208. The Convention "must be enforced according to its terms over all prior inconsistent rules of law." *Goshawk Dedicated Ltd. v. Portsmouth Settlement Co. I, Inc.*, 466 F. Supp. 2d 1293, 1304 (N.D. Ga. 2006).

7. An arbitration agreement falls under the Convention if: (1) the agreement is in writing; (2) the arbitration is to be held in the territory of a signatory of the Convention; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.[1] *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 546 (11th Cir. 2016) (citing *Bautista v. Star Cruises*, 396 F.3d 1289, 1295 n.7 (11th Cir. 2005)).

8. The four elements of the *Suazo* test are met here: (1) the Policy contains a written arbitration agreement, which (2) requires arbitration within the United States, a signatory of the Convention; (3) there exists an insurance coverage dispute arising out of a commercial legal relationship; and (4) two parties, Fidelis and

---

[1] Only one party to the agreement need be a foreign citizen. *See, e.g.*, *VVG Real Estate Invs. v. Underwriters at Lloyd's*, 317 F. Supp. 3d 1199, 1205 (S.D. Fla. 2018) ("a portion of the Policy is subscribed to by Syndicate 2001, which is not a citizen or resident of any other state in the United States…Accordingly, the fourth and final Bautista factor is met…."); *Found. Church Inc. v. Indep. Specialty Ins. Co.*, 2024 U.S. Dist. LEXIS 66185, at *8 (M.D. Fla. Apr. 11, 2024) ("[A]t least one of the insurers is a foreign entity. Nothing more is required."); *Phx. III Ass'n v. Certain Underwriters at Lloyd's*, 2022 U.S. Dist. LEXIS 75508, at *10 (S.D. Ala. Apr. 26, 2022) (same).

Liberty, are not citizens of the United States.[2] *Id.; see also VVG Real Estate Invs. v. Underwriters at Lloyd's*, 317 F. Supp. 3d 1199, 1205 (S.D. Fla. 2018).

9. Pursuant to 9 U.S.C. § 203, an action "falling under the Convention shall be deemed to arise under the laws and treaties of the United States" and "district courts of the United States … shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." Thus, this Court has original jurisdiction of this Action under 9 U.S.C. § 203 and 28 U.S.C. § 1331. *See Bautista,* 396 F.3d at 1294 ("A case covered by the Convention confers federal subject matter jurisdiction upon a district court because such a case is 'deemed to arise under the laws and treaties of the United States.'").

10. This Court has removal jurisdiction pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441. *See* 9 U.S.C. § 205 ("Where the subject matter of an action … pending in a State court relates to an arbitration agreement … falling under the Convention, the defendant … may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."); *see also*

---

[2] Fidelis is a limited company incorporated under the laws of England and Wales with its principal place of business in England. Liberty is a European public company incorporated under the laws of Luxembourg with its principal place of business in Luxembourg.

*Bautista,* 396 F.3d at 1292-93 (affirming removal under the Convention and compelling arbitration).

**B.     Federal Question Jurisdiction under *Grable***

11.     Volante also seeks removal pursuant to 28 U.S.C. § 1331 and *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

12.     The Supreme Court has recognized that state-law claims may support federal jurisdiction where a federal issue is "[1] necessarily raise[d], [2] actually disputed, . . . [3] substantial, [and] [4] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Here, Plaintiffs' claims satisfy the *Grable* test.

13.     *First*, a federal issue is necessarily raised because Plaintiffs' claims are premised on the interpretation and analysis of Internal Revenue Code ("IRC") provisions and related Internal Revenue Service ("IRS") regulations, notices and guidance relating to federal tax deductions for donations of conservation easements. *See, e.g.,* Compl. ¶¶ 12-33, 61. Thus, although Plaintiffs allege state law causes of action, the resolution of those claims—as is made clear on the face of Plaintiffs' Complaint—necessarily will require the Court to interpret IRC provisions and IRS regulations regarding the sufficiency of Plaintiffs' easement conveyance and the valuation of that easement and the corresponding tax deduction, including how those

provisions and regulations are interpreted and applied as a matter of federal law in U.S. Tax Court.

14. *Second*, while Defendants have yet to file their responses to the Complaint, there clearly will be actual disputes as to the federal issues set forth above, including how the IRS's interpretation, application, and enforcement of those federal laws impacts Plaintiffs' rights and obligations under the Policy. *See, e.g.,* Compl. ¶¶ 78-90, Exs. I, K.

15. *Third*, these issues are substantial as they will have a potential impact beyond this individual dispute. As in *Grables*, the "meaning of the federal tax provisions" at issue "is an important issue of federal law that sensibly belongs in a federal court." Since 2019, the IRS has audited thousands of federal income tax returns reporting charitable donations associated with SCE transactions and involving the same issues of federal law presented by this dispute.

16. *Finally*, removal to federal court will not upset the state-federal balance. The tax issues in this litigation are those traditionally addressed by a federal court. In addition to the various disputed federal issues described above, this Action bears other hallmarks of a federal action, including the invocation of actions by multiple federal agencies and/or bodies, implications for interstate and international commerce, and allegations involving diverse parties. Accordingly, this Action is best suited for federal court.

### III.  PROCEDURAL REQUIREMENTS ARE SATISFIED

17. This Notice of Removal is timely and properly filed pursuant to 9 U.S.C. § 205, which allows removal at any time before trial of such claims. Additionally, removal is timely pursuant to 28 U.S.C. § 1446(b)(1) as this Notice is filed within thirty days of receipt and of service of the Summons and Complaint by any Defendant.

18. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants join and consent to removal of the Action.

19. None of the Defendants are citizens of the State of Georgia as required by 28 U.S.C. § 1441(b).

20. Venue of this removed Action is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 90(a)(1) because this Court is the United States District Court for the district and division embracing the place where the action is pending: the Superior Court of Forsyth County.

21. In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders served upon" the Defendants in the state court Action is attached hereto as Exhibit 1.

22. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide this Notice to all adverse parties or their counsel and file a copy with the Clerk of the Superior Court of Forsyth County, Georgia.

23. Defendants reserve the right to supplement this Notice with additional evidence or authority supporting any basis for removal. By filing this Notice, Defendants do not waive any defenses or rights which may be available to either of them, specifically including, but not limited to, the right to move to compel arbitration, the right to contest *in personam* jurisdiction, improper service of process, and the absence of venue in this Court or in the court from which the Action has been removed.

24. All fees required by law in connection with this notice have been filed.

WHEREFORE, Defendants respectfully request that this Action now pending in the Superior Court of Forsyth County, Georgia, proceed in the United States District Court for the Northern District of Georgia as an action properly removed thereto, together with such other and further relief as this Court may deem just, proper, and equitable.

Dated: October 23, 2025

**Wilson Elser Moskowitz Edelman & Dicker LLP**

*/s/ Kyle P. Barrett*
Kyle P. Barrett
Georgia Bar No. 874795
3348 Peachtree Road, NE
Suite 1400
Atlanta, GA 30326
470.419.6650 (telephone)
470-419-6651 (facsimile)
kyle.barrett@wilsonelser.com

By: /s/ *Michael O'Malley* (to be admitted *pro hac vice*)

**Wilson Elser Moskowitz Edelman & Dicker LLP**
161 N Clark - Suite 4500
Chicago, IL 60601
312.704.0550 (Main)
312.821.6197 (Direct)
michael.o'malley@wilsonelser.com

By: /s/ *Graham R. Pulvere* (to be admitted *pro hac vice*)

**Wilson Elser Moskowitz Edelman & Dicker LLP**
1500 Urban Center Drive Suite 450
Birmingham, AL 35242
205.761.5175 (Direct)
205.709.8990 (Main)
205.709.8979 (Fax)
graham.pulvere@wilsonelser.com

*Counsel for Defendants, Wesco Insurance Company, Interstate Fire & Casualty Company, Liberty Mutual Insurance Europe SE, and Fidelis Underwriting Limited*

By: /s/ *Paul L. Fields, Jr.*
Georgia Bar No. 003420
Fields Howell, LLP
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Main)
404.214.1252 (Direct)
pfields@fieldshowell.com

By: /s/ *Brandon R. Gossett*
Georgia Bar No. 120424
Fields Howell, LLP
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Main)
404.214.1264 (Direct)
bgossett@fieldshowell.com

By: /s/ *Taylor N. Lear*
Georgia Bar No. 771330
Fields Howell, LLP
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Main)
404.214.244 (Direct)
tlear@fieldshowell.com

*Counsel for Defendants, Fidelis Underwriting Limited and Liberty Mutual Insurance Europe SE*

By: /s/ *Taylor L. Davis*

Clyde & Co US LLP
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
404.410.3156 (Direct)
taylor.davis@clydeco.us
GA Bar No. 804288

By: /s/ *John C. Patton*

Clyde & Co US LLP
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
404.410.3179 (Direct)
jay.patton@clydeco.us
GA Bar No. 576232

11

By: /s/ *Diego Cardenas*

Clyde & Co US LLP
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
404.410.3162 (Direct)
diego.cardenas@clydeco.us
GA Bar No. 428282

*Counsel for Defendant,*
*Volante Specialty Risk, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF System and served a true and correct copy of same on Plaintiffs' counsel via email, addressed as follows:

Austin Bersinger
Bradley Arant Boult Cummings LLP
Promenade Tower
1230 Peachtree Street NE, Suite 2100
Atlanta, Georgia 30309
404-868-2042
abersinger@bradley.com
*Counsel for Plaintiffs*

Dated: October 23, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Kyle P. Barrett*
Kyle P. Barrett
Georgia Bar No. 874795
*Counsel for Defendants, Wesco Insurance Company, Interstate Fire & Casualty Company, Liberty Mutual Insurance Europe SE, and Fidelis Underwriting Limited*

## **CERTIFICATE OF FONT COMPLIANCE**

This is to certify that I have prepared this filing in Times New Roman, 14 point font, in compliance with Local Rule 7.1(D).

Dated: October 23, 2025.

                                        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

                                        */s/ Kyle P. Barrett*
                                        Kyle P. Barrett
                                        Georgia Bar No. 874795
                                        *Counsel for Defendants, Wesco Insurance Company, Interstate Fire & Casualty Company, Liberty Mutual Insurance Europe SE, and Fidelis Underwriting Limited*